UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL SHAHEEN,

        Plaintiff,

                                         Case Number 12-10030
v.                                      Honorable Thomas L. Ludington

HSBC BANK,

        Defendant.
_____ /

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

In the early 1980s, Plaintiff Samuel Shaheen invested in a number of commodities. Among his purchases, he bought about twenty thousand ounces of silver. Over the following decades, Plaintiff changed financial advisors. The bank in which the silver was deposited also changed. And the bank ownership changed as well. Amid this change, Plaintiff alleges, a bookkeeping error was made.

Instead of crediting Plaintiff's account with twenty thousand ounces of silver, Plaintiff alleges, a bank recorded that Plaintiff owned about thirty-five thousand ounces. Plaintiff did not notice the error. Later, the bank that had made the mistake merged into Defendant HSBC Bank. When Defendant took possession of Plaintiff's silver deposit in 1998, it did not notice the error either. Instead, it continued to issue records showing that Plaintiff had about thirty-five thousand ounces on deposit. And it continued to bill Plaintiff for storing this amount of silver. A decade passed.

In 2008, Plaintiff sought to sell his silver. As Plaintiff was unable to locate the original receipt of purchase, Defendant required that Plaintiff obtain a $670,000 bond to secure the sale.

Plaintiff did so, purchasing the bond from Hartford Fire Insurance Company for $16,500. He then sold the silver for about $240,000. Sometime later, a third party claimed ownership of the fifteen thousand ounces that had been erroneously credited to Plaintiff's account. Defendant filed a claim against the bond with Hartford. This litigation followed.

Filing suit in state court, Plaintiff sought damages for the silver storage fees, bond premium, "potential liability . . . on the bond," and an order "prohibiting Defendant from making further demand on the bond." Defendant removed the case to this Court. Defendant then answered, asserting several affirmative defenses. Defendant did not, however, file a counterclaim against Plaintiff seeking the $240,000 in proceeds from his sale of the disputed fifteen thousand ounces of silver.

Defendant instead filed a motion to dismiss for lack of subject matter jurisdiction, asserting Plaintiff's claims are not ripe. ECF No. 7. On May 9, the Court issued an opinion and order granting in part, denying in part, and holding in abeyance in part Defendant's motion. ECF No. 13. The Court concluded that Plaintiff is not entitled to seek compensatory damages for potential liability on the bond. Plaintiff may, however, seek damages for the storage fees and bond premiums caused by Defendant's alleged negligence, as Plaintiff implicitly concedes that he is not entitled to the economic value of the disputed silver. *See* Compl. ¶ 26, ECF No. 1-1. And he may seek a declaratory judgment regarding Defendant's rights in the bond. Hartford, however, also appears to claim a substantial interest in the subject of this action. Yet Hartford has not been joined as a party. Consequently, the Court dismissed Plaintiff's claim for compensatory damages for potential liability on the bond, as this claim is not ripe. The Court did not dismiss Plaintiff's claims for compensatory damages for the fees and premiums paid, as these claims are ripe. And the Court held in abeyance the decision on whether to assert jurisdiction

over the declaratory judgment claim regarding Defendant's rights in the bond pending supplemental briefing, directing the parties to brief the question of whether Hartford is a necessary party.

The parties then submitted a stipulated order providing that Hartford should be joined as a party. ECF No. 18. As Hartford will be joined as a necessary party, the order holding a portion of Defendant's motion in abeyance will be lifted and Defendant's motion to dismiss the declaratory judgment claim will be denied.

Accordingly, it is **ORDERED** that the portion of the Court's prior order holding Defendant's motion to dismiss Plaintiff's declaratory judgment claim in abeyance (ECF No. 13) is **LIFTED**.

It is further **ORDERED** that Defendant's motion to dismiss (ECF No. 7) is **GRANTED IN PART AND DENIED IN PART**. As previously noted, Defendant's motion to dismiss Plaintiff's claim for compensatory damages for the "imminent payment pursuant to the bond" has been granted. Defendant's motion to dismiss Plaintiff's claim for damages for the storage fees and bond premiums caused by Defendant's alleged negligence has been denied.

It is further **ORDERED** that Defendants' motion to dismiss Plaintiff's declaratory judgment claim is **DENIED**.

Dated: May 31, 2012

/s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS